**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Marvin Lance,<br><br>                         Plaintiff,<br><br>     v.<br><br>Donna J. Lippert, in her Individual<br>Capacity,<br><br>                         Defendant. | CIVIL ACTION NO.:  2:26-cv-02237-BHH-TER<br><br>**COMPLAINT**<br>**(§1983 CIVIL RIGHTS CLAIM)**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff, complaining of the Defendant, alleges and says as follows:

**JURISDICTION**

1.  This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 *et seq.*, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against Defendant Donna J. Lippert in her Individual Capacity.

2.  Subject matter jurisdiction is conferred upon the Court by 28 U.S.C. § 1331.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to Plaintiff's claims occurred in Georgetown County, South Carolina, which is within the Charleston Division of the District of South Carolina.

**PARTIES**

4.  Plaintiff Marvin Lance (herein after "Plaintiff"), is a citizen and resident of Florence County, State of South Carolina.

5.  Defendant Donna Lippert (herein after "Defendant" or "Defendant Lippert"), upon information and belief, is a citizen and resident of Georgetown County, State of South Carolina.

1

6. At all times relevant to this Complaint, Defendant Lippert was employed as a Deputy Clerk for the Georgetown County Clerk of Court. In that capacity, Defendant Lippert was responsible for, among other things, docket management, maintenance of court records, and the issuance, maintenance, and vacating of bench warrants.

7. At all times relevant hereto, Defendant Lippert was acting under the color of state law as an employee and agent of Georgetown County Clerk of Court. For the purposes of the claims asserted under 42 U.S.C. § 1983, Defendant Lippert is being sued solely in her individual capacity.

8. During the time period in question, Plaintiff's constitutional rights were well established and well known to the Defendant, including but not limited to Plaintiff's right to due process, right to be free from unlawful detention, and right to be free from cruel and unusual punishment.

## STATEMENT OF FACTS

9. Plaintiff restates and re-alleges every allegation set forth above as if stated herein verbatim.

10. In or around January 2020, Plaintiff's former wife, Terri McCray, filed for divorce in the South Carolina Family Court seated in Georgetown County.

11. As a result of the divorce proceedings, Plaintiff and Ms. McCray entered into a settlement agreement (hereinafter "The Agreement") on or around February 3, 2021, in which the parties mutually waived the right to alimony and spousal support. The Agreement was filed on or around February 24, 2021.

12. Pursuant to the terms of The Agreement, Plaintiff had no monetary obligations related to alimony or spousal support arising from his divorce proceedings. Upon information and

2

belief, at all times relevant to this action, Plaintiff had no other pending matters with the South Carolina Family Court seated in Georgetown County.

13. Upon information and belief, Defendant Lippert issued a bench warrant for Plaintiff on or around May 11, 2021, for "Failure to Pay", even though doing so directly violated the terms of The Agreement on file. The bench warrant was filed on or around May 18, 2021.

14. Defendant Lippert knew or should have known, that The Agreement had been filed and that Plaintiff had no obligation to pay alimony or spousal support. Despite this, Defendant Lippert issued the bench warrant without verifying that it was necessary or court ordered.

15. On April 7, 2022, a final hearing was held in Plaintiff's divorce proceedings. The presiding Family Court judge issued a Final Order incorporating the terms of The Agreement and expressly ordering that any and all outstanding warrants against Plaintiff be vacated. The Final Order was filed on or around April 7, 2022.

16. Despite the entry of the Final Order vacating all outstanding warrants against Plaintiff, Defendant Lippert failed to vacate or otherwise remove the May 2021 bench warrant from the system. The bench warrant remained active in law enforcement databases without the Plaintiff's knowledge.

17. On the evening of June 15, 2023, at approximately 10:00 PM, deputies from the Darlington County Sheriff's Office (hereinafter "DCSO") were dispatched to 1336 Turnpike Road, Florence, South Carolina, in response to a domestic call involving Plaintiff. Upon arriving on scene, DCSO deputies ran Plaintiff's information through dispatch and discovered he had four outstanding warrants in Georgetown County: three valid arrest warrants and the unlawful bench warrant issued by Defendant Lippert in May 2021.

3

18. DCSO deputies arrested Plaintiff and booked him at W. Glenn Campbell Detention Center on June 16, 2023, at approximately 12:44 AM, where he awaited transport to the Georgetown County Detention Center (hereinafter "GCDC"), operated by the Georgetown County Sheriff's Office.

19. On June 17, 2023, at approximately 2:32 AM, Plaintiff was transferred to GCDC to await his bond hearing. At Plaintiff's bond hearing on or around 9:00 AM on June 17, 2023, the presiding judge set a bail amount for each of the three charges for which valid arrest warrants existed. Plaintiff arranged to post the requisite bond with a bondsman.

20. After posting bond on the three valid arrest warrants, Plaintiff remained incarcerated at GCDC because of the unlawful bench warrant issued by Defendant Lippert. Plaintiff was told by GCDC officers that he would have to appear before a Family Court judge before he could be released.

21. While unlawfully incarcerated at GCDC, Plaintiff repeatedly asked correctional officers why he had not been released and informed them that there had to be a mistake. On or around June 20, 2023, Plaintiff was told he was being detained for contempt of a Family Court order.

22. Plaintiff then contacted his divorce attorney William Hammett. On or around June 21, 2023, Mr. Hammett traveled from Charleston to Georgetown and attended a hearing before a Family Court judge, who reviewed the record and immediately ordered Plaintiff's release.

23. Plaintiff was unlawfully detained for approximately four (4) days solely as a result of Defendant Lippert's failure to vacate the bench warrant as required by the April 2022 Final Order. Had the unlawful bench warrant not remained active in the system, Plaintiff would

have been released upon posting bond on June 17, 2023. Due to his unlawful detention, Plaintiff was forced to miss Father's Day celebrations with his two children.

24. Following Plaintiff's release from GCDC, deputies from the Georgetown County Sheriff's Office returned to his residence on multiple occasions, attempting to serve him with a Rule to Show Cause filed for failure to pay the same alimony arrears from which Plaintiff had already been discharged.

25. Upon information and belief, due to Plaintiff's continued unlawful persecution, a family court hearing was held on March 12, 2024, to resolve the issue of law enforcement attempting to arrest Plaintiff for alimony obligations that had already been resolved. Another Order was entered making it clear that all warrants should be rescinded and that the Plaintiff had no further monetary obligations.

26. As a direct and proximate result of Defendant Lippert's conduct, Plaintiff suffered damages including, but not limited to, unlawful incarceration for approximately four days, emotional distress, mental anguish, humiliation, embarrassment, harm to his reputation, loss of liberty, missed time with his children, and attorney's fees incurred in obtaining his release.

## FOR A CAUSE OF ACTION AGAINST DEFENDANT LIPPERT
### 42 U.S.C. § 1983 (4th, 8th, and 14th Amendment Violations)

27. Plaintiff restates and re-alleges every allegation set forth above as if stated herein verbatim.

28. At all times relevant, Defendant Lippert was acting under the color or pretense of state law, customs, practice, usage, and/or policy at all times mentioned herein in her capacity as a Deputy Clerk for Georgetown County Clerk of Court.

29. Upon information and belief, at all times relevant, Defendant Lippert had certain duties imposed upon her regarding the issuance, maintenance, and vacating of bench warrants, as well as the obligation to follow and effectuate orders of the Family Court.

5

30. Defendant Lippert was aware of, or should have been aware of, Plaintiff's constitutional rights, including his right to due process under the Fourteenth Amendment, his right to be free from unlawful detention, his right to be free from malicious prosecution, and his right to be free from cruel and unusual punishment under the Eighth Amendment.

31. At all times relevant hereto, Defendant Lippert was consciously and deliberately indifferent to Plaintiff's constitutional rights and acted in an egregious and arbitrary manner in the following particulars:

   a. In failing to verify that a bench warrant for Plaintiff was necessary and/or court-ordered before issuing the same;

   b. In issuing an unlawful, invalid, or otherwise improper bench warrant for Plaintiff in May 2021, in direct contravention of The Agreement;

   c. In failing to follow the April 2022 Final Order of the Family Court, which expressly required that all outstanding warrants against Plaintiff be vacated;

   d. In failing to vacate the unlawful, invalid, and/or otherwise improper bench warrant for Plaintiff following the entry of the April 2022 Final Order;

   e. In causing Plaintiff to be unlawfully detained for approximately four days as a result of the bench warrant she failed to vacate;

   f. In subjecting Plaintiff to malicious prosecution;

   g. In subjecting Plaintiff to cruel and unusual punishment by causing his unlawful multi-day incarceration;

   h. In violating Plaintiff's right to be free from state-created danger;

   i. In violating Plaintiff's right to be free from government conduct that shocks conscience;

6

j.  In violating Plaintiff's right to equal protection under the law; and

k.  In any other manner to be proven through discovery and at trial.

32. All of the actions and omissions described herein were carried out by Defendant Lippert while acting under the color of state law, in violation of Plaintiff's rights secured by the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution.

33. As a direct and proximate result of Defendants Lippert's unconstitutional conduct, Plaintiff suffered damages, including but not limited to, unlawful incarceration, emotional and mental harm, public arrest, humiliation, embarrassment, harm to his reputation, loss of liberty, loss of time with his family, incidental expenses, and attorney's fees.

34. Plaintiff is entitled to recover all compensatory, actual, special and punitive damages, both present and prospective, caused by Defendant Lippert's wrongful conduct. Punitive damages are warranted due to the malicious, willful, and/or wanton nature of Defendant Lippert's motive or intent behind her actions and omissions.

35. Plaintiff is also entitled to recover costs and reasonable attorney's fees under 42 U.S.C. § 1988.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for a trial by jury on all issues presently raised or that may be raised in any pleadings hereafter and further seek:

i.  Judgment against Defendant for compensatory, actual, special, and punitive damages in an amount to be determined by the jury;

ii.  An award of reasonable attorney's fees, costs, and expenses against Defendant, pursuant to 42 U.S.C. § 1988 and all other applicable laws; and

iii.  For all other and further relief as the Court and jury deem just and proper.

7

Respectfully submitted,

**COBB HAMMET & ANDREWS LLC**

BY     _____/s Jennifer Johnson_____
Jennifer S. Johnson, Federal ID No.: 14052
222 W. Coleman Blvd.
Mt. Pleasant, SC 29464
(843) 310-1455 (p)
(843) 604-9217 (f)
jjohnson@cobbhammett.com

**ATTORNEY FOR THE PLAINTIFF**

Charleston, South Carolina
June 5, 2026